IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN HERRON, | 1:09-cv-2165-AWI-JLT (PC) |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS DISMISSING CERTAIN CLAIMS AND DEFENDANTS |
| D. WILTCHIK, et al., | |
| Defendants. | (Doc. 28) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. On May 23, 2011, the Court screened Plaintiff's second amended complaint pursuant to 28 U.S.C. § 1915A and found that it stated a cognizable claim as to Defendant Veja for providing inadequate medical care under the Eight Amendment. (Doc. 22.) However, the Court also found that Plaintiff's remaining allegations failed to state cognizable claims as to all other defendants. (Doc. 22.)

Plaintiff was therefore afforded two options. First, Plaintiff was given the option of filing a third amended complaint that cured the deficiencies identified by the Court in its screening order. (Doc. 22.) Second, Plaintiff was given the option of filing notice with the Court indicating that he wished to proceed only as to the claim found cognizable by the Court. On July 13, 2011, Plaintiff chose the first option by filing a motion for an extension of time with which to file his third amended complaint. (Doc. 24.) On July 18, 2011, the Court granted Plaintiff's

motion for extension of time to file his third amended complaint, providing Plaintiff an additional thirty day period with which to file his amended complaint. (Doc. 25.) Plaintiff filed his third amended complaint on August 4, 2011. (Doc. 28.)

## I. SCREENING

### A. Screening Requirement

The Court is required to review a case in which a prisoner seeks redress from a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). If the Court determines the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies in the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### B. Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Id. There must be an actual causal connection or link between the actions of each defendant and

the deprivation alleged to have been suffered by the plaintiff.  Monell v. Dept. of Social Services, 436 U.S. 658, 691-92 (1978) (citing Rizzo v. Goode, 423 U.S. 362, 370-71(1976)).

**C.     Rule 8(a)**

Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

> A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Federal Rules of Civil Procedure adopt a flexible pleading policy.  Nevertheless, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  Twombly, 550 U.S. at 555 (citations and quotations omitted).  Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S. at 570).  Vague and conclusory allegations are insufficient to state a claim under § 1983.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.    THE AMENDED COMPLAINT**

Though Plaintiff's third amended complaint ("TAC"), generally repeats the claims asserted in his second amended complaint, it omits many of the earlier factual allegations.  In addition, Plaintiff now brings two additional claims as to an "unknown correctional officer" and a "chief medical officer."  (Doc. 28 at 1, 12.)  The TAC identifies as defendants Veja, R.N., K. Hemela, M.D., J. Ashby, D.O., A. Klang, M.D. and John Doe's for a "chief medical officer" and

"correctional officer." (Id.) Plaintiff asserts the following claims. First, Plaintiff claims that Defendants acted with deliberate indifference to his medical needs in violation of the Eight Amendment. (Id. at 4.) As to the "Chief Medical Officer," Plaintiff asserts that the medical officer acted with deliberate indifference because he refused to permit a surgical procedure due to a lack of funds. (Id. at 12.) Plaintiff additionally raises state law negligence claims against Defendants, for failing to provide appropriate medical care. (Id. at 13.) Finally, Plaintiff claims the correctional officer acted with deliberate indifference to Plaintiff's safety by failing to take steps to alleviate a sewage and flood problem in the building that Plaintiff was housed. (Id. at 5.)

### III.   FACTUAL ALLEGATIONS OF THE TAC

Plaintiff alleges he was involved in a car accident in 2003 that resulted in degenerative joint disease in his right hip and led to the California Department of Corrections and Rehabilitation's ("CDCR") classification of him as permanently disabled and mobility impaired. (Doc. 28 at 1.) At that time, he was also diagnosed with chronic back pain, meniscal tearing in his left knee, a damaged left shoulder, carpel tunnel syndrome, and Hepatitis C. (Id.)

On February 12, 2009, Plaintiff awoke to discover that his toilet was overflowing in his cell. (Doc. 28 at 8.) Plaintiff called for help from a "building porter," however the porter told him that the problem had already been brought to the attention of a "unit officer." (Id.) During this period, an unknown correctional officer became aware of the flood and was also aware that "several" inmates were mobility impared and faced a potential risk of falling as a result of the water. (Id. at 5.) However, the correctional officer intentionally did not any steps to alleviate the flooding prior to the end of his shift. (Id.)

After falling in sewage, Plaintiff was sent to an outside hospital for treatment of his injuries where he was diagnosed with herniated discs, which impinged his spinal cord, and possible cervical "radiculopathy." (Doc. 28 at 9.) Though the hospital stated that Plaintiff needed surgery, Defendant Doe, the Chief Medical Officer denied the surgery due to a lack of funding. (Id. at 12.) Plaintiff also maintains that upon his return from the outside hospital, his back brace and wheelchair were taken by prison officials due to the fact that they "contained

plastic in them."[1]  (Id. at 9.)

Dr. Hemela examined Plaintiff shortly after his return and said he would prescribe Vicodin for his pain.  (Doc. 28 at 10.)  Additionally, Plaintiff informed Dr. Hemela that prison staff had taken his wheelchair and back brace, however, Dr. Hemela refused to issue this equipment.  (Id.)

Plaintiff alleges he submitted at least four Health Care Services Request Forms between February 14, 2009 and March 5, 2009.  (Doc. 28 at 10.)  On February 21, 2009, Plaintiff filed an inmate appeal requesting physical therapy, pain medication, and a the return of his back brace and wheel chair and also complained of "shoulder and leg injuries."  (Id.)

Though unclear as to the time frame, presumably also in February of 2009, Veja responded to a previous 602 appeal by scheduling Plaintiff for a medical appointment "2-3 weeks" later.  (Doc. 28 at 10.)  On February 23, 2009, Plaintiff was seen by Veja to evaluate him for eyeglasses.  (Id.)  Though Plaintiff reported to Veja about his ongoing pain, Veja refused to address this.  (Id.)

On March 5, 2009, Dr. Ashby examined Plaintiff in response to one of his Appeals.  (Doc. 28 at 11.).  Plaintiff complained to Dr. Ashby that his surgery was denied by the Chief Medical Officer and that his back brace and wheel chair had been taken from him.  (Id.)  Plaintiff also informed Dr. Ashby that he had trouble "getting around," that he was in extreme pain, and that he was not receiving medications that had been previously ordered for him.  (Id.)  Dr. Ashby deprived Plaintiff of medications for his pain and additionally refused to classify Plaintiff as a "lay in," so that Plaintiff's food tray would be brought his cell.  (Id.).  Plaintiff alleges that the Chief Medical Officer had previously ordered Dr. Ashby to not provide Plaintiff with medication.  (Id.)

On March 10, 2009, Dr. Klang interviewed Plaintiff regarding Plaintiff's 602 appeal.  (Doc. 28 at 12.)  At that time Plaintiff reported that he had not received any pain medications and did not have a back brace or means of "getting around" without "extreme pain."  (Id.)  Plaintiff

---

[1] Plaintiff's second amended complaint states that a specialist at the outside hospital had provided Plaintiff with the back brace and wheelchair.  (Doc. 18 at 8.)

complains that Dr. Klang did not classify the appeal as an "emergency appeal." (Id.)

IV.    DISCUSSION AND ANALYSIS

    A.    Eighth Amendment Protections

The Eighth Amendment provides a prohibition against the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The government has an obligation to provide those they incarcerate with adequate medical care and will be subject to liability for failure to do so. Estelle v. Gamble, 429 U.S. 97, 102 (1976). "Although accidental or inadvertent failure to provide adequate medical care to a prisoner [does] not violate the Eighth Amendment, 'deliberate indifference to serious medical needs of prisoners'" does, because it constitutes "the unnecessary and wanton infliction of pain contrary to contemporary standards of decency." Helling v. McKinney, 509 U.S. 25, 31-32 (1993) (quoting Estelle, 429 U.S. at 104); see also Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) ("While poor medical treatment will at a certain point rise to the level of constitutional violation, mere malpractice, or even gross negligence, does not suffice."). In order to establish an Eighth Amendment violation, a plaintiff must first "objectively show that he was deprived of something sufficiently serious[]" and then subjectively show "the deprivation occurred with deliberate indifference to the inmate's health or safety." Foster v. Runnels, 554 F.3d 807, 812 (9th Cir. 2009) (internal quotation marks and citations omitted); Lopez v. Smith, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (Eighth Amendment claim must meet both objective and subjective requirement).

    1. Serious Medical Need

In order to bring a cause of action under the Eighth Amendment based upon inadequate medical care, the plaintiff must first show he is suffering from "a serious medical need by demonstrating that failure to treat [their] condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) overruled by WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (quoting Estelle, 429 U.S. at 104); accord Jett v. Penner, 439 F.3d 1091, 1096 (2006); Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002). Indications of a serious medical need include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or

treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." McGuckin, 974 F.2d at 1059-60 (citing Wood, 900 F.2d at 1337-41 (9th Cir. 1990)).

In this case, Plaintiff alleges he was diagnosed with herniated discs which impinged his spinal cord, as well as possible cervical radiculopathy, following his fall in prison. (Doc. 18 at 8.) Previously, this Court found herniated discs constitute a serious medical need. See, e.g., Fields v. Roberts, 2010 U.S. Dist. LEXIS 107799, at *6 (E.D. Cal. Oct. 8, 2010); Mehari v. Cox, 2009 U.S. Dist. LEXIS 42207, at *9 (E.D. Cal. May 18, 2009).

Moreover, Plaintiff alleges hospital doctors recommended surgery and contends prison medical staff advised him that they would provide him with prescription medication for his pain. (Doc. 28 at 9-10.) These allegations indicate that doctors found Plaintiff's injury important and felt some sort of treatment was necessary, which is sufficient to demonstrate a serious medical need. McGuckin, 974 F.2d at 1059-60.

### 2. Deliberate Indifference

Once a prisoner establishes the existence of a serious medical need, he must demonstrate prison officials exhibited deliberate indifference in responding to that need. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Jett, 439 F.3d at 1096. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). Although the requirement is less stringent in regard to medical care, "because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns," Holliday v. Naku, 2009 U.S. Dist. LEXIS 55757, at *12 (E.D. Cal. June 26, 2009) (citing McGuckin, 974 F.2d at 1060), deliberate indifference is not met through a showing of medical malpractice and requires "more than mere negligence or isolated occurrences of neglect." Wood, 900 F.2d 1334; see also Toguchi, 391 F.3d at 1060; Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (mere medical malpractice insufficient to constitute Eighth Amendment violation); Hutchinson v. U.S., 838 F.2d 390, 394 (9th Cir. 1988).

Deliberate indifference may occur "when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians

provide medical care." Jett, 439 F.3d at 1096 (internal quotation marks and citations omitted). In order to establish deliberate indifference, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id.; McGuckin, 974 F.2d at 1060.

In order for a prison official to be held liable, they "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference." Farmer, 511 U.S. at 837. Where a defendant should have been aware of the risk of substantial harm, but was not, "the person has not violated the Eighth Amendment, no matter how severe the risk." Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1188 (9th Cir. 2002) (emphasis omitted).

### a. Difference of opinion regarding the treatment provided by Dr. Ashby, Dr. Hemela, and the Chief Medical Officer

It is commonly recognized that a difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); see also Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Estelle, 429 U.S. at 107; Chavez v. Yates, 2011 U.S. Dist. LEXIS 35411 at *10 (E.D. Cal. Apr. 1, 2011) ("Neither Plaintiff's difference of opinion with medical staff, Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981), nor a disagreement between medical professionals over treatment, is sufficient to support a claim under section 1983, Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).") In addition, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); accord Hood v. Prisoner Health Services, Inc., 180 F. App'x 21, 25 (10th Cir. 2006) ("Although plaintiff may not care for the treatment decisions made by prison staff, his disagreement with the medical care provided is insufficient to state a cognizable constitutional claim for seeking relief under § 1983."). To prevail in either of these situations, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson, 90 F.3d at 332 (internal citations omitted).

Plaintiff alleges Dr. Ashby, Dr. Hemela, and the Chief Medical Officer were deliberately indifferent to his serious medical needs by providing treatment he felt was inadequate. First Plaintiff alleges that Dr. Ashby failed to provide him with pain medication and failed to classify Plaintiff as a "lay in." (Doc. 28 at 11.) As to Dr. Hemela, Plaintiff alleges, he failed to prescribe a back brace or wheel chair though these had been provided to him by the outside hospital who had previously treated him. (Id. at 10.) Finally, Plaintiff contends that the Chief Medical Officer denied the surgery which had been previously suggested by doctors at the outside hospital. (Id. at 5.)

Plaintiff's TAC's allegations that Dr. Ashby deprived him of pain medications are in conflict with his earlier second amended complaint which argued that the medications he received for his pain were insufficient. According to the facts of Plaintiff's second amended: Dr. Hemela, Veja, Dr. Ashby, and Dr. Klang examined him (Doc. 18 at 9, 11, 13, 15), and Doctors Hemela, Ashby and Klang prescribed medication to him (Id. at 9, 13, 16), and ordered a nerve conduction test and an evaluation by a specialist (Id. at 13). Thus as the Court previously stated, Plaintiff's second amended complaint showed he was in fact treated; he simply did not receive treatment he felt was acceptable in light of his injuries and that a difference of opinion as to the treatment was insufficient to state a claim.

Plaintiff's TAC fails to correct this same deficiency regarding his claims as to Ashby, Hemela, and the chief medical officer. Though Plaintiff may have disagreed with: (1) the medications he received from Dr. Ashby, or his failure to classify Plaintiff as a "lay in;" or (2) Dr. Hemela's decision to deny either a back brace or wheelchair; or finally, (3) the chief medical officer's denial of his surgery, Plaintiff's disagreement with these doctors' decisions remains insufficient to support a claim under section 1983.

Because Plaintiff continues to attempt to bring virtually the same claims that the Court had previously dismissed without providing any new argument or facts that would warrant any reconsideration of their cognizability, Plaintiff's claims as to defendants Ashby, Hemela, and the chief medical officer (John Doe) should be dismissed with prejudice.

///

b.     **Inadequate Treatment provided by Defendant Veja**

Plaintiff's TAC alleges that Nurse Veja evaluated him for eyeglasses on February 23, 2009, he reported to Veja that his was in pain was "ongoing" and that Veja "refused to provide assistance" and "refused to address" his complaints. As noted above, in order to establish deliberate indifference, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." McGuckin, 974 F.2d at 1060. Here, according to Plaintiff's allegations, Veja failed to respond to his complaints of "ongoing" pain. Additionally, under a liberal pleading standard, the harm caused by Nurse Veja's failure can be fairly seen as Plaintiff's ongoing pain. Accordingly, the Court finds Plaintiff has stated a cognizable claim as to Nurse Veja.

c.     **Dr. Klang's failure to classify Plaintiff's appeal as an Emergency appeal**

According to the TAC, Plaintiff alleges that on March 10, 2009 Dr. Klang, a doctor at the prison, interviewed Plaintiff regarding his pending appeal and during the interview Plaintiff informed Dr. Klang that he had not received any of his medications and did not have a back brace. (Doc. 28 at 12.) Plaintiff then asked Dr. Klang to classify his appeal as an emergency appeal, however Dr. Klang refused to do this. (Id.) The Court's previous screening order noted that Dr. Klang was not Plaintiff's treating physician and, instead, only reviewed Plaintiff's inmate appeal. In addition, the Court stated that though Plaintiff disagreed with Dr. Klang's refusal to classify the appeal as an emergency appeal, Plaintiff is not entitled to have his grievance resolved in any particular manner. (Doc. 22 at 14.) Plaintiff again offers no new facts or arguments regarding his claim addressing the deficiency previously identified by the Court. Therefore, Plaintiff has failed to state a cognizable Eighth Amendment claim against Dr. Klang and this claim should be dismissed from the action with prejudice.

d.     **Plaintiff's claim as to the Correctional Officer, (John Doe)**

Plaintiff TAC alleges a claim against an unknown correctional officer for his failing to respond to a sewage problem and flood on or about February 11, 2009. (Doc. 28 at 5.) Plaintiff contends that the officer was aware that "several inmates" were mobility impaired and were

exposed to a risk of injury caused by possibility that they may slip and fall as result of the flooded floors. (Id.) Plaintiff then indicates that the flooding caused him to fall which caused him to injury himself. (Id.) Plaintiff contends that the officer did not take any action to alleviate the problem and when the officer's shift was completed the officer left others to manage the problem. (Id.)

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer, 511 U.S. at 832). Prison officials have a "duty to ensure that prisoners are provided with adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted).

To establish a violation of this duty, a prisoner must satisfy both an objective and subjective component. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). First, a prisoner must demonstrate an objectively serious deprivation, one that amounts to a denial of "the minimal civilized measures of life's necessities." Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)). In determining whether a deprivation is sufficiently serious within the meaning of the Eighth Amendment, "the circumstances, nature, and duration" of the deprivation must be considered. Johnson, 217 F.3d at 731. "The more basic the need, the shorter the time it can be withheld." Hoptowit v. Ray, 682 F.2d 1237, 1259 (9th Cir. 1982).

Second, a prisoner must also demonstrate that prison officials acted with a sufficiently culpable state of mind, that of "deliberate indifference." Wilson, 501 U.S. at 303; Johnson, 217 F.3d at 733. A prison official acts with deliberate indifference if he knows of and disregards an excessive risk to the prisoner's health and safety. Farmer, 511 U.S. at 837. In other words, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists [to the inmate], and [the prison official] must also draw the inference." Id.

Under the deliberate indifference standard, "the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,'

but that person 'must also draw the inference.'" Toguchi, 391 F.3d at 1057 (quoting Farmer, 511 U.S. at 837). "If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk." Gibson, 290 F.3d at 1188.

Plaintiff's raised a nearly identical claim for relief against correctional officers in his First Amended Complaint ("FAC"). (Doc. 9 at 3.) The FAC alleged that the correctional officer's actions in failing to clean up the problem prior to letting Plaintiff out of his cell for breakfast amounted to "negligence and deliberate indifference." (Id.) In the Court's initial screening order of April 21, 2010, the Court advised Plaintiff that he had failed to state a cognizable claim against the officers because Plaintiff's facts failed to allege the officers engaged in "wanton conduct" and that "inadvertance or negligence" was in sufficient to establish an Eighth Amendment violation. (Doc. 11 at 4.)

Plaintiff attempts to repeat this claim by changing his previously alleged facts from a claim of negligence to intentional conduct on the part of the officers is neither convincing nor plausible. (Doc. 28 at 5.) Plaintiff has been advised by this Court's on more than one occasion that though "detailed factual allegations are not required, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [citations omitted]" (Doc. 11 at 2.[2]) Despite Plaintiff's new conclusions to the contrary, Plaintiff's facts amount to a claim of inadvertence, negligence or, at most, gross negligence which is insufficient to state a cognizable Eighth Amendment claim against the correctional officer. Farmer, 511 U.S. at 835-37.

In addition, Plaintiff has failed to allege that the correctional officer was aware of a substantial risk of serious harm existing specifically as to Plaintiff. Toguchi, 391 F.3d at 1057. At most, the correctional officer was aware only that several inmates were mobility impaired and could not move freely in their cells without the possibility of a risk of injury. There are not facts

---

[2] The Court's order of May 23, 2011, which screened Plaintiff's second amended complaint, advised Plaintiff that ". . . a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formlaic recitation of the elements of a cause of action will not do. [citations omitted]." (Doc. 22 at 2.)

alleged that the officer knew of that Plaintiff was at substantial risk of serious harm. Accordingly, Plaintiff's claim as to the unknown correctional officer is not cognizable and should be dismissed from this action with prejudice.

## V.  CONCLUSION

In accordance with the above, it is HEREBY RECOMMENDED that:

1. The matter be **DISMISSED** as to Defendants John Doe Chief Medical Officer, Dr. Hemela, Dr. Ashby, Dr. Klang and Joe Doe Correctional Officer.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 21 days after being served with these findings and recommendations, any party may file and serve written objections with the Court. A document containing objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be filed and served within 14 days of the date of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 18, 2011**                      /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE