IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN HERRON,<br><br>    Plaintiff<br><br> vs.<br><br>DELROSARIO, et al.,<br><br>    Defendants. | Case No.: 1:09-cv-02165 AWI JLT (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO MODIFY OF THE SCHEDULING ORDER AND DISREGARDING DEFENDANT'S MOTION TO COMPEL.<br><br>(Doc. 48). |

On December14, 2009, Plaintiff initiated this civil rights action against three Defendants. (Doc. 1). Defendant S. Vega is the only remaining defendant. On August 9, 2012, Defendant filed a motion to compel Plaintiff's personal appearance at his deposition. (Doc. 48). According to Deputy Attorney General, William Douglas ("Counsel"), Plaintiff contacted Counsel shortly before his deposition and stated that he could not attend. (Doc. 48-2 at 2). The day before the deposition, Plaintiff produced a doctor's note stating he would not be able to appear for a deposition until after August 30, 2012. (Doc. 48-2 at 2, 8). Defendant brought this motion approximately a week after Plaintiff's scheduled deposition. (Doc. 48).

The discovery cut-off is currently set for August 29, 2012. (Doc. 44). Defendant therefore requests that the Court modify the scheduling order to allow time complete Plaintiff's deposition and bring any necessary discovery and/or dispositive motions. For the reasons set

1


forth below, the Court **DISRGARDS** Defendant's motion to compel and **GRANTS** Defendant's motion to modify the scheduling order.

Pursuant to Fed. R. Civ. P. 16(b((4), a case schedule may be modified only for good cause and only with the judge's consent. Fed. R. Civ. P. 16(b). In <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992), the Court explained, Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

In light of Plaintiff's failure to attend the deposition, his doctor's note requesting the deposition occur after the discovery deadline, and Defendant's diligence in bringing this motion, the Court finds good cause to modify the scheduling order.  Given the extended discovery deadline, the Court disregards Defendant's motion to compel attendance at the deposition as moot.  The Court will entertain any motion to compel Plaintiff's attendance and/or motion for sanctions should Plaintiff fail to appear for his re-noticed deposition.

Thus, the Court **ORDERS**:

1. Defendant's August 9, 2012 motion to compel Plaintiff's attendance for his deposition (Doc. 48) is **DISREGARDED**;
2. Defendant's August 9, 2012 motion to amend the scheduling order (Doc. 48) is **GRANTED** as follows:
   a. The deadline for completion of all discovery, including filing motions to compel, shall be September 26, 2012;
   b. The deadline for filing pre-trial dispositive motions shall be October 25, 2012;

///
///
///
///

2

      c.   No other modifications to the scheduling order are authorized.

IT IS SO ORDERED.

Dated:   **August 11, 2012**                              **/s/ Jennifer L. Thurston**
                                                               UNITED STATES MAGISTRATE JUDGE